IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ODIS LEE JACKSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-890 |
| | § | Criminal Action No. H-02-373-4 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER

Pending before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 212) filed by Odis Lee Jackson, and Answer to § 2255 Motion, Motion to Dismiss, Motion for Summary Judgment, and Brief (Criminal Document No. 219) filed by the United States of America. Having considered the motions, submissions, and applicable law, the Court determines that Odis Lee Jackson's motion should be denied, and the United States' motion should be granted.

BACKGROUND

On July 15, 2002, Defendant Odis Lee Jackson ("Jackson") and three co-defendants were indicted in the Houston Division of the Southern District of Texas on two counts. Count one charged Jackson with conspiracy to possess with intent to

distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), and 846. Count two charged Jackson with aiding and abetting the possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2.

On July 23, 2002 Jackson pleaded not guilty to the indictment. Thereafter, the Court, upon Jackson's motion, severed Jackson from the other defendants. On January 8, 2003, after a two day jury trial, the jury found Jackson guilty on both counts of the indictment. Upon conviction, the Court ordered the preparation of a presentence report ("PSR") which revealed that Jackson had more than two prior felony drug convictions. According to 21 U.S.C. § 841(b), a defendant who commits a violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841 (b)(1)(A)(iii) after two or more prior felony drug convictions must be sentenced to a mandatory term of life imprisonment. On March 31, 2003, upon a finding that Jackson had been convicted of at least two prior felony drug offenses, the Court sentenced Jackson to a term of life as to each count, to run concurrently, followed by ten years supervised release.[1] Additionally, the Court imposed a $200 special assessment.

---

[1] The life sentences Jackson received are the statutory maximums set forth by the statutes the jury found Jackson guilty of violating. Specifically, 21 U.S.C. §841(b) states imprisonment shall be for a term not less than 10 years or more than life.

2

Jackson appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit.  On appeal, Jackson argued that the evidence was insufficient to support his convictions.  He also argued that it was plain error for the court to fail to conduct a 21 U.S.C. § 851 colloquy before enhancing his sentence based on prior convictions.  Lastly, he argued that the quantity of drugs should have been proven as an element of the offense, and that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), rendered 21 U.S.C. §§ 841(a) & (b) unconstitutional.  On February 4, 2004, the Fifth Circuit, in an unpublished *per curiam* opinion, rejected Jackson's arguments and affirmed the judgment and sentence of this Court.  Jackson did not seek certiorari in the United States Supreme Court.  Therefore his conviction became final on May 5, 2004.

On March 17, 2005, Jackson filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 contending his conviction should be vacated due to the manner in which his sentence was calculated.  While his arguments are far from pellucid, it appears Jackson argues the United States Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), which makes the United States Sentencing Guidelines ("Guidelines") advisory, should be applied retroactively to his case.  He also argues his conviction should be vacated because the jury instructions given at trial were constitutionally deficient.  In its answer, motion to dismiss, and motion for

3

summary judgment, the Government argues Jackson's sentence was proper and he should not be afforded any relief.

## STANDARD OF REVIEW

In order to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255, a petitioner must clear a "significantly higher hurdle" than would be required on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). This higher hurdle requires a petitioner to show both "cause" and "actual prejudice." *Id.* at 167; *see also United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the appeal was not made originally at trial or on direct appeal, and that there has been "actual prejudice" suffered from the alleged errors. *Frady*, 456 U.S. at 168.

To prove "cause," a petitioner must show that an external obstacle prevented claims from being raised either at trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497-98 (1991). To prove "actual prejudice" the petitioner must show that he or she suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170. When applying the "cause" and "actual prejudice" standard, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1991).

## LAW & ANALYSIS

A. *Booker is Not Retroactive to Cases on Collateral Review*

Jackson argues *Booker* should be retroactively applied to his case. However, upon analysis, the Court concludes that *Booker* is not retroactively applicable to cases on collateral review. First, the language in *Booker* does not itself indicate that its holding is retroactively applicable. Second, the reasoning in the United States Supreme Court decision in *Schriro v. Summerlin*, 542 U.S. 348 (2004), provides strong indication that *Booker* is not retroactive. Third, several circuit courts hold *Booker* is not retroactive. Finally, recent cases in the Fifth Circuit recognize that *Booker* is not retroactively applicable to cases on collateral review.

1. *United States v. Booker*

The Supreme Court in *Booker* held that, pursuant to the Sixth Amendment, any fact other than a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 125 S. Ct. 738, 756 (2005). To ensure that the Guidelines complied with the Sixth Amendment requirements defined above, the Supreme Court removed certain statutory provisions from those guidelines, thereby making the guidelines advisory rather than mandatory. *Id.* at 756-57. Additionally, in *Booker*, the

Supreme Court stated that its holding is applicable to "all cases on direct review," and failed to state that the decision applies to cases on collateral review. *Id*. at 769.

### 2. *Schriro v. Summerlin*

Other Supreme Court decisions further indicate *Booker* is not retroactively applicable to cases on collateral review. In *Summerlin*, the Supreme Court held that the new procedural rule announced in *Ring v. Arizona*, 536 U.S. 584 (2002), did not apply retroactively to cases on collateral review. *Summerlin*, 542 U.S. at 358. The rule announced in *Ring* extended the *Apprendi* reasoning and found that sections of Arizona's sentencing scheme allowing a judge to find aggravating factors to enable the judge to impose the death penalty violated the Sixth Amendment. *Ring,* 536 U.S. at 609. The fact that *Ring* was not applied retroactively to cases on collateral review supports the conclusion that *Booker*, too, should not be applied retroactively to cases on collateral review because *Booker*, like *Ring*, is based on the principles laid out in *Apprendi*. Indeed, the United States Court of Appeals for the Eleventh Circuit has held that the Supreme Court's ruling in *Summerlin* is dispositive on the issue of whether *Booker* is retroactive in the context of a § 2255 motion. *Varela v. United States*, 400 F.3d 864, 867 (11th Cir. 2005).

### 3. *Other Circuits*

The United States Courts of Appeals that have directly addressed this issue agree that *Booker* is not retroactively applicable to cases on initial collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1186-88 (10th Cir. 2005)(holding under *Teague v. Lane*, 489 U.S. 288 (1989), that *Booker* is a new procedural rule and should not be applied retroactively to cases on initial collateral review[2]); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005). Indeed, the sheer number of circuits that hold *Booker* is not retroactive provides strong indication that the case is not retroactive.

4. *The Fifth Circuit*

The Fifth Circuit has indicated *Booker* is not retroactively applicable to cases on collateral review. For example, based on the Supreme Court's *Summerlin* decision and other circuit decisions, the Fifth Circuit refused to apply *Booker* retroactively on

---

[2] *Bellamy* points out that if a new procedural rule falls under one of the *Teague* exceptions, it can be applied retroactively. *Bellamy*, 411 F.3d at 1187-88. *Booker*, however, does not fall under one of the exceptions because it "did not add or remove any conduct from the realm of criminal offenses" and is not a watershed rule. *Id*.

"collateral review for purposes of a successive § 2255 motion." *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Additionally, the Fifth Circuit, in *Padilla v. United States*, a case involving the § 2255 savings clause, stated "*Booker*'s holding is not retroactively applicable to cases on collateral review." *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005). Moreover, the United States District Court for the Southern District of Texas, in light of *Padilla* and other circuit decisions, determined that generally "*Booker* is not retroactive to cases on collateral review." *United States v. Villegas*, No. CR. C-04-405, 2005 WL 2875326, at *4-6 (S.D. Tex Oct. 30, 2005)(determining *Booker* is generally not retroactively applicable to cases on collateral review).

Therefore, taking into consideration *Booker* and *Summerlin*, along with several circuit court holdings and recent cases in the Fifth Circuit, the Court determines Jackson's argument fails because *Booker* does not apply retroactively to cases on collateral review.

B.   *Booker Sentencing Claims*

Assuming, *arguendo*, *Booker* is retroactive, Jackson's claim for relief under *Booker* also fails on the merits because his sentence was based on a mandatory statutory enhancement due to prior convictions. Relief under *Booker* is only available

8

if, under the Guidelines, the judge issues the sentence using facts not proven to the jury or admitted in a guilty plea. *Booker*, 125 S. Ct. at 756 (reaffirming the holding in *Apprendi*). However, in *Booker* the Supreme Court recognized that a court can consider prior convictions when imposing a sentence and stated,"[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*.

Under the applicable ruling in *Booker,* Jackson is not entitled to relief because his sentence was a result of a mandatory statutory enhancement based on Jackson's prior convictions rather than the judge's discretion under the sentencing guidelines. Jackson was originally charged with crimes involving 50 grams or more of cocaine base, which carry a statutory sentence range from 10 years to life. *See* 21 U.S.C. § 841(b). Prior to trial, the Government filed an information and notice of prior conviction to enhance Jackson's sentence. *See* 21 U.S.C. § 851(a)(1). Moreover, the PSR revealed that Jackson had a number of prior felony drug convictions. Accordingly, under 21 U.S.C. § 841(b), which provides a defendant who commits a violation of 21 U.S.C. § 841(a)(1) and 21 § U.S.C. (b)(1)(A)(iii) "after two or more prior convictions of a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release. . . ." *See* 21

9

U.S.C. § 841(b); 21 U.S.C. § 851(a)(1).  Therefore, because Jackson has been convicted of more than two prior felony drug convictions, his sentence was proper.

C. *The Argument of Deficient Jury Instructions is Barred*

While it is unclear, Jackson appears to argue that the jury instructions given by the trial court were constitutionally deficient, thereby violating his Fifth and Sixth Amendment rights.  He claims that the words "or more" in the charge, which stated "[t]he violation involved fifty (50) grams or more of a mixture and substance containing a detectable amount of cocaine base. . ." when given to the jury were unconstitutional because they required speculation.  Additionally, he avers that by having this language in the jury instruction, it is the court and not the jury that did the fact finding.

It is unclear whether or not Jackson rased the issue of defective jury instructions on direct appeal.  In its response, the United States claims that he did not.  However, Jackson, in his Traverse Motion, argues that this issue was raised on direct appeal, thereby preserving it for collateral attack under a § 2255 motion.  Regardless of whether or not Jackson raised the issue on direct appeal, it is not properly raised in this § 2255 motion.

If Jackson did raise the defective jury instruction on direct appeal, his motion must be denied.  Indeed, an issue reviewed and decided on direct appeal cannot be raised again in a § 2255 motion. *United States v.* Webster, 421 F.3d 308, 311 n.7 (5th

Cir. 2005); *see also United States v. Kalish* 780 F.2d 506, 508 (5th Cir. 1986) (stating that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 [m]otions").

Even if this issue was not raised on appeal, as the Government argues, Jackson's argument still fails. The Fifth Circuit has held that in order to raise the constitutional issue of defective jury instructions in a § 2255 motion, the movant must show "cause" and "actual prejudice" for not rasing the issue during trial or on direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th. Cir. 1991)(citing the *Frady* standard of review for a § 2255 motion). Jackson does not attempt to show "cause" and "actual prejudice" because he argues that he directly appealed this issue. Therefore, he has made no showing of "cause" and "actual prejudice" for failing to raise this issue during trial or on direct appeal. Thus, Jackson's argument fails, regardless of whether or not he raised the issue of defective jury instructions on direct appeal.

## CONCLUSION

*Booker* is new law that is not retroactive to cases on initial collateral review. Accordingly, Jackson's retroactivity arguments fail. Moreover, notwithstanding *Booker*, the Court properly sentenced Jackson. Additionally, Jackson cannot prevail on the issue of defective jury instructions because such an issue is correctly raised on

direct appeal, and cannot properly be raised in a § 2255 motion. Accordingly, the Court hereby

ORDERS that Odis Lee Jackson's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 212) is DENIED. The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document No. 219) is GRANTED.

SIGNED at Houston, Texas, on this 22nd day of November, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge